PEATROSS, J.
 

 [ Appellant, Dr. Charles F. Sale, sued appellees, American Century Casualty Company, Ashley Franklin and Michelle Barett (collectively referred to as “Appel-lees”), in a tort action for damages resulting from an automobile accident that occurred on August 9, 2008. Appellees filed a motion for summary judgment seeking a declaratory judgment that all of Dr. Sale’s personal injury claims against Appellees had been settled and compromised in full as a result of Dr. Sale’s act of negotiating and depositing a settlement check issued by ACCC in consideration of Dr. Sale’s medical bills and pain and suffering. The trial judge agreed with Appellees and granted summary judgment in their favor declaring as a matter of law that Dr. Sale had compromised and released all future personal injury claims against Appellees associated with the August 9, 2008 accident. Dr. Sale now appeals. For the reasons stated herein, we reverse the summary judgment in favor of Appellees and remand the matter for further proceedings.
 

 FACTS
 

 On August 9, 2008, an automobile accident occurred between Dr. Charles F. Sale and Michelle Barett, who was driving a vehicle owned by her mother, Ashley Franklin, and insured by ACCC. Shortly thereafter, ACCC was informed of the accident and ACCC representative Tammy Ducote contacted Dr. Sale to discuss settlement. Dr. Sale told Ms. Ducote that he had sustained $970 in medical bills to date
 
 [1]
 
 and asked that ACCC pay for a Magnetic Resonance Imaging scan (“MRI”). Dr. Sale ultimately tasked for $1,500 plus payment of his medical bills to settle the matter. Ms. Ducote told Dr. Sale that ACCC would not pay for an MRI, but offered to settle the total claim for $1,820. Dr. Sale told Ms. Ducote to go ahead and send the check.
 

 Ms. Ducote then mailed the following to Dr. Sale: (1) a letter describing the steps that Dr. Sale would be required to take to resolve the claim; (2) a settlement and release form; and (3) a settlement check in
 
 *1145
 
 the amount of $1,820. The letter from ACCC to Dr. Sale stated in pertinent part:
 

 Please find enclosed a copy of a release. To accept this offer please sign the release[.] Return the completed release in the enclosed envelope. Upon receipt of the properly executed release, the settlement check will be forwarded to you.
 

 Athough the letter indicated that a settlement check would follow a “properly executed release,” ACCC mailed all three documents in the same envelope at the same time to Dr. Sale. The language on the front of the settlement check reads as follows: “CHARLES SALE, ONLY: IN F/F SETTLMT/RELEASE OF ACCC/ASHLEY FRANKLIN/MICHELLE BARRETT FROM ANY/ALL CLMS/LNS ON D/L 8/9/08, CLM L10995-9.”
 

 On receiving the settlement check issued by ACCC, Dr. Sale opened the envelope, looked at the letter, release and check and then put all three documents back in the envelope. He then placed the envelope in a basket in his home designated for mail. Some time later, Dr. Sale’s wife removed the check from the envelope, stamped the back of the check “For Deposit Only” and deposited the check into Dr. Sale’s checking account. Dr. Sale did not [Ssign the settlement release form included with the letter and check issued by ACCC.
 

 Then, on August 7, 2009, Dr. Sale filed a lawsuit against Appellees in Bossier Parish District Court. Appellees filed a Motion for Summary Judgment contending that Dr. Sale had previously compromised and released his claims against Appellees by signing the settlement check issued to him the previous year. Dr. Sale countered that his wife’s act of stamping the back of the check and depositing the same in his checking account, without his authorization, could not be considered a valid release of his personal injury claims against Appellees. As previously stated, the trial judge agreed with Appellees and granted summary judgment in their favor declaring as a matter of law that Dr. Sale had compromised and released all future personal injury claims against Appellees associated with the August 9, 2008 accident. This appeal ensued.
 

 DISCUSSION
 

 In Dr. Sale’s first and second assignment of errors, he argues that the trial court erred in granting summary judgment in favor of Appellees on the grounds that Dr. Sale had compromised his personal injury claims against them associated with the August 9, 2008 accident. Dr. Sale contends that Mrs. Sale’s act of stamping “For Deposit Only” on the back of the settlement check, filling out a deposit slip and depositing the check in the bank was not sufficient to release Dr. Sale’s personal injury claims against Appellees. Dr. Sale submits that, when the letter, check and release form from ACCC arrived at his home, he looked at the documents, put all three [ 4back into the envelope without signing the check or the release form and stated, “I’m not about to do this.” Dr. Sale states that he then put the envelope with the documents from ACCC back into a basket where he and his wife keep their mail and that he never saw the check again.
 

 According to Dr. Sale, he only discovered that his wife had deposited the check some time later during a conversation with another couple. Dr. Sale points out that he never personally signed the check and did not authorize his wife to sign the check on his behalf. Dr. Sale further asserts that he never intended to settle or compromise his personal injury claims against Appellees and it was for that reason that he did not sign the settlement and release
 
 *1146
 
 form that accompanied the check sent to him by ACCC. On these grounds, Dr. Sale avers that the trial court erred in granting summary judgment in favor of Appellees.
 

 In response, Appellees argue that there is no genuine issue of material fact as to whether Dr. Sale signed the settlement agreement contained on the check thereby releasing his personal injury claims against them. Appellees point to the language on the front of the check indicating that it was in full and final settlement and release of all of Dr. Sale’s claims against Appellees for the accident occurring on August 9, 2008. They also contend that Dr. Sale’s wife has the authority to sign checks on his behalf and, when she informed him that she had deposited the check, Dr. Sale did not get upset with her or attempt to return the deposited funds to Appellees. Appellees assert that an enforceable settlement existed once the settlement check was presented to the bank for negotiation. Further, Appellees set forth the |Badditional argument that, in the event Dr. Sale did not authorize his wife to sign the check on his behalf, he tacitly ratified the settlement contract when Mrs. Sale informed him that she had executed and deposited the check and he did nothing in response. On these grounds, Appel-lees contend that a valid compromise exists between the parties in this case. We disagree.
 

 On appeal, a trial court’s ruling on a motion for summary judgment is subject to the
 
 de novo
 
 standard of review.
 
 Jones v. Estate of Santiago,
 
 03-1424 (La.4/14/04), 870 So.2d 1002. La. C.C.P. art. 966(B) provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(C)(2) sets forth the burden of proof applicable to a motion for summary judgment:
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the | f,recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076.
 

 This court has recognized that a check can serve as a compromise if it recites that it is in full payment for all claims and the draft is endorsed and negotiated.
 
 Merritt v. Safeway Ins. Co. of Louisiana,
 
 36,771 (La.App.2d Cir.1/31/03), 836 So.2d 1256;
 
 Jerome v. Duggan,
 
 609 So.2d 1119 (La.App. 2d Cir.1992). A compromise is only valid, however, if there is a meeting of the minds between the parties as to exactly what they intended when the
 
 *1147
 
 compromise was reached.
 
 Shell Oil Co. v. Jackson,
 
 94-1267 (La.App. 1st Cir.5/5/95), 655 So.2d 482;
 
 Perault v. Time Ins. Co.,
 
 633 So.2d 263 (La.App. 1st Cir.1993),
 
 writs denied,
 
 93-3133 (La.2/11/94), 634 So.2d 833 and 93-3156 (La.2/11/94), 634 So.2d 834.
 

 In the case
 
 sub judice,
 
 a review of the entire record, including the settlement documents sent to Dr. Sale by ACCC, indicates that there was not a “meeting of the minds” between Dr. Sale and ACCC as to what they intended when the purported compromise was reached. At the time Dr. Sale discussed settlement with ACCC representative, Ms. Ducote, over the phone in mid-November 2008, he was clearly still in pain, wanted an MRI and was not prepared to settle the case for the amount of $1820. Furthermore, when the check arrived, it was Mrs. Sale who stamped and deposited the check; Dr. Sale did not sign, stamp or deposit the check and was unaware that Mrs. Sale had done so until some time later. When Dr. Sale finally 17discovered that his wife had stamped and deposited the check on his behalf, he did nothing to reverse the process because he was under the impression that his claims against Appellees would not be considered compromised unless he signed the settlement and release form which had been sent by ACCC with the letter and the check.
 

 Additionally, it is apparent from the statements made by Dr. Sale during his deposition that he believed that his claims would not be settled or compromised until he signed the release form. Further, it appears that Dr. Sale confused the procedure of signing the check at issue with the procedure used for signing checks issued during property damage claims. The following discourse took place during Dr. Sale’s deposition:
 

 Counsel for Appellees: Okay. I mean, are you aware of how settlement checks work, as far as you get a settlement check; the case is settled.
 

 Dr. Sale: No. You have to sign a release. I’ve always been told you have to sign a release.
 

 Counsel for Appellees: Okay.
 

 Dr. Sale: And until that release is signed, that’s it. I mean, you know, like the collision check, you know, I could still go have the car checked and they said if there’s more damage to let them know and they’ll communicate about it and — send additional funds to fix the car.
 

 Counsel for Appellees: Okay.
 

 Dr. Sale: You know, that’s left open. They didn’t send a release on that. I don’t know why. I guess since it’s left open. I don’t know.
 

 Counsel for Appellees: Okay.
 

 Dr. Sale: And this had a release. I hadn’t signed it, so | sto me, I consider it the same as the car repair.
 

 Further, the wording of the letter sent by ACCC to Dr. Sale indicated that Dr. Sale would be required to sign the release if he wanted to accept their offer to settle the claim for the amount on the enclosed check:
 

 To accept this offer please sign the release[.] Return the completed release in the enclosed envelope. Upon receipt of the properly executed release, the settlement check will be forwarded to you.
 

 Considering the multiple discrepancies found in the record regarding Dr. Sale’s and Appellees’ understanding of the agreement, we do not find that there was a meeting of the minds to fully compromise Dr. Sale’s personal injury claims against Appellees associated with the August 9, 2008 accident.
 

 
 *1148
 

 CONCLUSION
 

 For the reasons stated above, we reverse the summary judgment in favor of Appellees, American Century Casualty Company, Ashley Franklin and Michelle Barett, and remand the matter for further proceedings. Costs of this appeal are assessed to Appellees.
 

 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . At the time this call took place, it was approximately mid-November 2008.